UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,        )
                             )        No. 4:25-CR-363 ZMB
      v.                     )
                             )
LAMONDRE HAYNES,             )
                             )
            Defendant.        )
                             )

GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1.    PARTIES:

The parties are the defendant Lamondre Haynes, represented by defense counsel Andrew

Cortopassi, and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri. This

agreement does not, and is not intended to, bind any governmental office or agency other than the

United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor

bound by this agreement.

2.    GUILTY PLEA:

A.    The Plea:    Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal

Procedure, in exchange for the Defendant's voluntary plea of guilty to Count One of the Indictment,

the United States agrees that no further federal prosecution will be brought in this District relative

to the Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B.** **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that the United States shall not request a sentence above the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. Moreover, the parties further agree the Defendant may request a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.** **ELEMENTS:**

As to Count One, the Defendant admits to knowingly violating Title 18, United States Code, 922(a)(6), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i)     Mid America Arms is a federally licensed firearms dealer;

(ii)    In connection with the acquisition of a firearm from Mid America Arms, the Defendant made a false oral or written statement;

(ii)    The Defendant knew the statement was false; and

(iii) The false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing Mid America Arms into believing that the firearm could be lawfully sold to the Defendant.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Mid America Arms is a federally licensed firearms dealer ("FFL"), located in Saint Louis County, Missouri, within the Eastern District of Missouri. On April 2, 2025, the Defendant arrived at the FFL, driven by L.C., a convicted felon from Illinois. L.C. has a prior conviction for manufacturing/delivery of a controlled substance. The Defendant and L.C. went into the FFL together where they browsed the store and L.C. pointed to multiple firearms. The Defendant repeatedly walked away from firearms and looked at his phone, while L.C. stayed near the firearms. At one point, L.C. took money out of his pocket and counted it, while the Defendant approached a sales associate and pointed out two Glock pistols. The sales associate retrieved the firearms and walked to the sales counter; the Defendant followed, as did L.C. The pistols were specifically identified as a Glock, model 20C, 10mm caliber pistol, serial number CFAC676 and a Glock, model 17C, 9mm caliber pistol, serial number CEZA288.

The sales associate gave the Defendant the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 Firearms Transaction Record ("Form 4473") to fill out to purchase the firearms. The Defendant completed the forms. In both Form 4473s, the Defendant identified himself as the "actual transferee/buyer" of the firearms.

During the transaction, while the sales associates was turned around, L.C. handed money to the Defendant. The Defendant put the money on the counter, took some money from his own pocket, appeared to photograph his own money, count his own money, then mixed it in with L.C.'s money. The sales associate took the money, turned around to count change, during which time L.C. gave the Defendant more money. The sales associate gave the Defendant change and a receipt, then walked out to the sales floor and retrieved an extended magazine. The Defendant paid for the extended magazine with the money L.C. had just given the Defendant.

On April 28, 2025, the Glock, model 17C, 9mm caliber pistol, serial number CEZA288 was found in possession of Aaron Askew, a convicted felon with a prior conviction for Robbery in the First Degree.

The Defendant admits the statements he made on the Form 4473s that he was the "actual transferee/buyer" of the firearms were false, because he was purchasing the firearm on behalf of another person(s). Thus, the Defendant knowingly made a false written statement to a federally licensed firearms dealer when he identified himself as the actual buyer of the firearm. The false written statements were made in connection with the acquisition of the firearm. The false written statement was intended to—and did—deceive the federally licensed firearms dealer. Had the Defendant completed the ATF Form 4473 truthfully, the firearm sale would not have been completed.

Both Glock firearms were manufactured outside the State of Missouri, and, therefore, had been transported across state lines and in interstate commerce prior to or during the Defendant's possession. The Glock firearms were capable of expelling a projectile by the action of an explosive when purchased by the Defendant and were, therefore, "firearms" as defined under federal law.

Page **4** of **13**

ADDITIONAL RELEVANT CONDUCT

On May 1, 2025, the Defendant purchased two firearms from Kevin's Guns, an FFL in St. Charles, Missouri: a Glock, model 21 Gen 4, .45 caliber pistol, serial number AETT110 and a Roman Cugir/CIA, model Micro Draco, 7.62 caliber pistol, serial number 24PMD-62495. On the same date, the Defendant also bought two firearms from Alien Armory Tactical, an FFL in St. Charles, Missouri; he purchased a Glock, model 32 Gen 4, .357 caliber pistol, serial number BVAY342 and a Century Arms, model Micro Russian Draco, 7.62 caliber pistol, serial number 24PMD-68782. On May 31, 2025, the Glock pistol with serial number AETT110, which the Defendant purchased from Kevin's Guns, was recovered in Columbia, Illinois after being used in a carjacking in which the victim was shot.

In total, the Defendant is the original purchaser of twenty-seven firearms that have been recovered by law enforcement in Illinois, Kentucky, and Missouri. These twenty-seven firearms were found in the possession of individuals being arrested for drug violations, violent assaults, and possession of firearms by convicted felons.

**5.   STATUTORY PENALTIES:**

The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

**6.   U.S. SENTENCING GUIDELINES: 2025 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

Page **5** of **13**

History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.    **Chapter 2 Offense Conduct:**

i.    **Base Offense Level:**   The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm.

ii.    **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(1)    Six levels will be added under 2K2.1(b)(1)(C) because the offense involved 25-99 firearms;

(2)    Five levels will be added under 2K2.1(b)(6)(C)(i) because the Defendant transferred two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by a person who had a prior conviction for a controlled substance offense/crime of violence.

B.    **Chapter 3 Adjustments:**

i.    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of

guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

ii. **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

C.      **Estimated Total Offense Level:** The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above.

D.      **Criminal History:**   The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

E.      **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.      **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A.      **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i.      **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

ii.      **Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence— above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

B.      **Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C.**    **Right to Records:**    The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

**A.**    **Disclosures Required by the United States Probation Office:**    The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**    Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

**C.**    **Supervised Release:**    Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**D.** **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.** **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.** **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G.** **Forfeiture:** The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.** **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried

by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent

of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.   <u>NO RIGHT TO WITHDRAW GUILTY PLEA:</u>

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement that deal with charges the United States agrees to dismiss or not to bring.

6/2/26
_____
Date

Jennifer L. Szczucinski
Assistant United States Attorney

6/2/26
_____
Date

Lamondre Haynes
Defendant

6/2/26
_____
Date

Andrew Cortopassi
Attorney for Defendant